IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

MORDECHAI BOAZIZ

        Plaintiff,
  v.

HEZI TORATI et. al.,

        Defendant(s)
_____

Civil Action No. 14-cv-8024 (RA)

### STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL INFORMATION IN POST JUDGMENT DISCOVERY PROCEEDINGS

WHEREAS the parties to this action (the "Parties") believe that post judgment discovery in this action will necessarily involve the production of Defendants Hezi Torati, Hezi Torati ("Torati"), Amerevision Capital, LLC ("Amerevision"), Amerevision Research, LLC ("Amerevision Research"), and NSS Financial Services, LLC ("NSS"), (collectively, "Defendants")s' confidential and sensitive commercial, financial, or business information, and that the disclosure and distribution thereof should be reasonably restricted to facilitate the exchange of potentially relevant information necessary for Plaintiff Mordechai Boaziz ("Plaintiff")'s enforcement of his judgment against Defendants;

WHEREAS the Parties have conferred in good faith and have agreed upon the terms of this Stipulation and Proposed Protective Order;

IT IS HEREBY STIPULATED AND AGREED by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the Parties, along with their representatives, shall adhere to the following terms regarding documents, data, deposition testimony, and other information and tangible items that are produced, made available for inspection, disclosed, or filed in these post judgment discovery proceedings:

1. All documents and information produced in these post-judgment discovery proceedings by any Party or non-Party herein shall be considered confidential and shall be used solely for enforcing Plaintiff's judgment.
2. Plaintiff and Plaintiff's attorney and/or agents cannot copy, distribute, transmit, or relay the contents of anything given to the Plaintiff from Defendants in these post-judgment discovery proceedings to any non-party unless they are legally mandated to do so, provided, however, notwithstanding the prohibitions set forth in this Paragraph 2, Plaintiff and Plaintiff's attorney are expressly permitted to copy, distribute, transmit, or relay the contents of anything given to Plaintiff by Defendant to any third-party retained or utilized by Plaintiff to assist Plaintiff in post-judgment enforcement proceeds against Defendants, which third party will execute a declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms.  However, to the extent that Plaintiff utilizes documents obtained from a third party based on information obtained from that third party, said third party will not have to execute the declaration service on any third parties that have created documents. By way of example and for avoidance of doubt only, if Plaintiff is required to provide a bank statement to the originating bank to verify existence of an account related to any

    Defendant, the bank will not be required to execute any declaration relating to this Protective Order;

3. Plaintiff can use the information obtained in this matter for any and all post-judgment enforcement proceedings against Defendants, including but not limited to, for service on any required third-parties (e.g. banks, attorneys', clients, customers, brokerage houses, etc.) and may also file actions or motions based on such information in open court.  With respect to certain documents and information, specifically the use of the actual documents such as tax records and bank statements <u>as exhibits or attachments</u>, Plaintiff must seek to file said documents under seal, not making those documents public. However should the Court deny any application to file the aforementioned information under seal, nothing in this Stipulation shall prevent Plaintiff from using, utilizing and/or filing said documents with the Court to the extent necessary in any post-judgment proceedings without seal provided Defendant is advised of such denial by the Court.  If Defendants or their counsel are on the e-service list or have otherwise been served with papers in such post-judgment proceeding in which Plaintiff has made an application to file under seal, service by the Court of an Order denying the request shall be deemed actual notice and no additional notice by Plaintiff to Defendants shall be necessary hereunder.

4. While the actual documents produced by Defendant or any third parties in post-judgment discovery are subject to the requirements of this Protective Order, including Plaintiff's obligation to move to file said documents under seal, nothing in this Protective Order shall prevent Plaintiff from making reference to any relevant documents or information in any additional post-judgment proceedings or filings that may be initiated by Plaintiff.

5. Within thirty (30) days after the filing of a satisfaction of judgment as to all of Defendants', the confidential information ascertained in post-judgment discovery, the actual documents comprising <u>tax records and bank records obtained by</u> Plaintiff shall either (i) via a good-faith and reasonable effort be returned to Defendants at Defendants sole cost and expense; or (ii) at Plaintiff's sole discretion, be destroyed at Defendant's sole cost and expense (e.g. via a shredding company) with such fact certified in writing to counsel for Defendants.

6. The provisions of this Protective Order and the obligation to maintain the confidentiality of the Defendants' confidential information including bank records and tax records produced hereunder, absent written permission or further Order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the Parties to the extent necessary to enforce said obligation.

Dated: November 16, 2015

/s/ Abe George  
44 Wall Street, 2nd Floor  
New York, NY 10005  
*Attorney for Defendant*

/s/ Michael Bernstein  
1688 Meridian Avenue, Suite 418  
Miami Beach, Florida 33139  
*Attorney for Plaintiff*

SO ORDERED:

Dated:_____  
_____New York, NY

    _____  
    Ronald L. Ellis  
    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MORDECHAI BOAZIZ

       Plaintiff,

   v.

HEZI TORATI et. al.,

       Defendant(s)

Civil Action No. 14-cv-8024 (RA)

---

### Declaration of Agreement with Protective Order

The undersigned hereby declares and affirms under penalty of perjury on the date set forth below, that he or she has read, understands, and agrees to be bound by each of the terms contained in the Stipulation and Protective Order Governing the Exchange of Confidential Information (the "Protective Order") and entered in the United States District Court for the Southern District of New York in the above-captioned action. Specifically, and without limitation, the undersigned agrees not to use or disclose any information made available to him or her other than in strict compliance with the Protective Order, and to submit to the jurisdiction of the Southern District of New York for purposes of enforcing the Protective Order.

Dated: _____

By:

_____

Print Name:

_____