USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/28/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORDECHAI BOAZIZ,

                Plaintiff,

      v.

HEZI TORATI, *et al.*,

                Defendants.

No. 14-CV-8024 (RA)

ORDER ADOPTING REPORT & RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

On October 6, 2014, Plaintiff Mordechai Boaziz brought suit against Defendants Hezi Torati, Amerivision Capital, LLC, Amerivision Research, LLC, and NSS Financial Services, LLC, alleging breach of contract, fraud, and unjust enrichment. On March 25, 2015, this Court entered judgment against Defendants in the amount of $140,000, plus post-judgment interest and collection costs, "including all incurred legal fees." Dkt. 59 at 2. The case was then referred to Magistrate Judge Ellis for post-judgment discovery and for a report and recommendation on Plaintiff's motion for attorney's fees. In the course of that discovery, Plaintiff sought to depose Alessandra Marx, Torati's wife, and on February 19, 2016, Marx moved to quash Plaintiff's January 25, 2016 and February 11, 2016 deposition subpoenas.

Now before the Court is Judge Ellis's June 1, 2016 Report and Recommendation (the "Report"), which recommends that Plaintiff's Motion for Attorney's fees be granted, and that Marx's motion to quash be denied. The Report, however, recommends that the Court decline to exercise ancillary jurisdiction over any future fee disputes between the parties, and on June 14, 2016, Plaintiff objected to this portion of the Report. Defendants did not file any objections. For the reasons that follow, the Court adopts the well-reasoned Report, except insofar as it

recommends that the Court decline to exercise ancillary jurisdiction over future fee disputes between the parties regarding enforcement of the judgment.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). A district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Report recommends that (1) Plaintiff be awarded $14,456.15 in attorney's fees and costs, and (2) Marx's motion to quash be denied. No objections were filed to these recommendations, and, finding no clear error, the Court adopts them.

Plaintiff, however, objects to the Report's recommendation that the Court decline to exercise ancillary jurisdiction over any future fee disputes regarding enforcement of the judgment, arguing that, contrary to the Report's conclusion, all factors point in favor of the Court exercising ancillary jurisdiction here. The Court agrees with Plaintiff, and thus respectfully declines to adopt the Report's recommendation that it not do so.

"It is well settled that '[a] federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action.'" *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2d Cir. 1991) (alterations in original) (quoting *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir. 1988)). In deciding whether to exercise such jurisdiction, a court should consider discretionary factors

including: "(1) familiarity with the subject matter of the suit, especially with the amount and quality of work performed by the attorneys; (2) a court's responsibility to protect officers of the court in such matters as fee disputes; (3) the convenience of the parties; and (4) judicial economy." *Levitt v. Brooks*, 669 F.3d 100, 104 (2d Cir. 2012) (citing *Cluett*, 863 F.2d at 256).

Here, the *Levitt* factors weigh in favor of exercising ancillary jurisdiction. The Court is familiar with the case and the attorneys' work on it. Retaining jurisdiction over any future fee disputes regarding enforcement of the judgment will thus promote the interest of judicial economy and be more convenient to the parties than if they were required to initiate proceedings in a court unfamiliar with the litigants and their dispute. Indeed, the judgment itself provides that "Defendants shall pay Plaintiff any post-judgment collection costs, including all incurred legal fees. Any dispute regarding the amount of such post-judgment collection costs and legal fees may be submitted to this Court." Dkt. 59 at 2. The Court will therefore retain jurisdiction over future fee disputes related to the execution of the March 25, 2015 judgment.

## CONCLUSION

The Court adopts the Report with the modification that it will exercise ancillary jurisdiction over future fee disputes related to the execution of the March 25, 2015 judgment. Plaintiff's motion for attorney's fees is accordingly granted in the amount of $14,456.15, and Marx's motion to quash is denied. As the Report warned, Defendants' failure to timely object precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008). The Clerk of Court is respectfully directed to terminate the docket entries at 100 and 107.

SO ORDERED.

Dated:   June 28, 2016
         New York, New York

_____
Ronnie Abrams
United States District Judge